UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEOBARDO B. BARRAZA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV01726 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on defendant Barraza's Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside or Correct Sentence, to which the government has filed a response, #9.

**I.      PROCEDURAL HISTORY**

On October 15, 2008 Defendant/Appellant/Movant Leobardo B. Barraza ("Movant") was

sentenced to life imprisonment after a jury found him guilty of kidnapping Maria Eloiza and her

five-year-old son, Jesus Ramirez, resulting in the deaths of both. Movant appealed his

conviction to the Eighth Circuit United States Court of Appeals, which, on June 9, 2009,

affirmed his sentence and conviction. Movant then filed a petition for certiorari in the United

States Supreme Court but was denied on October 4, 2010. On October 3, 2011, acting pro se,

Movant filed a Motion to Vacate, Set Aside, or Correct Sentence under Title 28, United States

Code, Section 2255. Movant alleges one ground for relief:

1.      Movant argues that he is entitled to have all obligations discharged and his

accounting adjusted to a zero balance based on the public policy expressed in House Joint

Resolution 192 and public law 73-10.

**II. DISCUSSION**

Movant presents no cognizable grounds for post-conviction relief and, as such, his petition should be denied.. Movant states that his petition will not argue "the facts of the chargers, nor argue about sentence or anything." Petition, 2. Instead, Movant appears to allege that the Prosecution has a contract with the Movant in which the Prosecution agrees that the case be settled through "Administrative Remedy i.e. Conditional Acceptance for value in the Nature of Request for Discovery." Id. Movant appears to believe that this contract somehow entitles him to be released from prison. At no point does Movant present this alleged contract nor does he present enough information that would allow this Court to speculate as to what contract he is referring.

The House Joint Resolution to which Movant refers is likewise unhelpful in clarifying Movant's position. Movant states that his release is consistent with the public policy expressed in House Joint Resolution 192. However, the only public policy interest expressed in House Joint Resolution 192 is as follows: "That (a) every provision contained in or made with respect to any obligation which purports to give the obligee a right to require payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy." H R.J. Res. 192, 73rd Cong. (1933). Movant fails to articulate how a resolution that aims to assure the uniform value of American currency after the Great Depression supports his release from prison.

## III.   CONCLUSION

Movant is not entitled to an evidentiary hearing on the claims raised in his petition. The accepted rule for dismissing a petition without a hearing is stated in *Englen v. United States*, 68 F.3d 238, 240 (8th Cir. 1985): "A Petition can be dismissed without a hearing if (1) the

petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id* at 240. Furthermore, "a mere statement of unsupported conclusions will not suffice to command a hearing." *Smith v. United States*, 618 F.2d 507, 510 (8th Cir. 1980), citing *Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978).

For the foregoing reasons, defendant's motion under 28 U.S.C. § 2255 is **DENIED** without a hearing.

Dated this 4th day of January, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE